# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| PETROSHARE CORP., *et al.*,[1] ) | Case No. 19-17633 KHT |
| ) | |
| Debtors. ) | (Jointly Administered) |
| _____ | |
| TASMAN GEOSCIENCES, INC.; M&M ) | |
| EXCAVATION CO.; and CARTEL DRILLING, ) | |
| LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adversary No. 19-_____ KHT |
| ) | |
| PETROSHARE CORP.; CFW RESOURCES, ) | |
| LLC; PROVIDENCE WATTENBERG LP; and ) | |
| 5NR WATTENBERG, LLC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs Tasman Geosciences, Inc. ("**Tasman**"), M&M Excavation Co. ("**M&M**"), and Cartel Drilling, LLC ("**Cartel**") (Tasman, M&M, and Cartel are, collectively, the "**Plaintiffs**"), by and through their respective undersigned attorneys, for their Complaint against defendants debtor PetroShare Corp. ("**PetroShare**"), debtor CFW Resources, LLC ("**CFW**"), Providence Wattenberg, LP ("**PW**"), and 5NR Wattenberg LLC ("**5NR**") (PetroShare and CFW are, collectively, the "**Debtors**"; and the Debtors, PW, and 5NR are, collectively, the "**Defendants**"), state as follows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

2. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (K), and (O).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: PetroShare Corp. (4523) and CFW Resources, LLC (6628).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

4. The Court has constitutional authority to enter a final judgment regarding the extent, validity, and priority of Plaintiffs' liens and other stated relief. Plaintiffs consent to the entry of final orders and judgments by this Court. If Defendants do not consent to entry of final orders and judgments by this Court, and the Court determines that it cannot enter a final judgment without the consent of the parties, Plaintiffs request that the Court enter proposed findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 9033.

## II. PARTIES

5. Plaintiff Tasman may be served with pleadings and process in this adversary proceeding through its undersigned counsel.

6. Plaintiff M&M may be served with pleadings and process in this adversary proceeding through its undersigned counsel.

7. Plaintiff Cartel may be served with pleadings and process in this adversary proceeding through its undersigned counsel.

8. Defendant PetroShare is a Colorado corporation and may be served at its petition address of 9635 Maroon Circle, Suite 400, Englewood, Colorado 80112 and through its counsel, Trey Monsour, Polsinelli PC, 1000 Louisiana Street, Suite 6400, Houston, Texas 77002.

9. Defendant CFW is a Colorado limited liability company and may be served at its petition address of 9635 Maroon Circle, Suite 400, Englewood, Colorado 80112 and through its counsel, Trey Monsour, Polsinelli PC, 1000 Louisiana Street, Suite 6400, Houston, Texas 77002.

10. Defendant PW is a Texas limited partnership and may be served through its registered agent Mark L. Nastri, 16400 Dallas Parkway, Suite 400, Dallas, Texas 75248.

11. Defendant 5NR is a Texas limited liability company and may be served through its registered agent Fifth Partners Management, 16400 Dallas Parkway, Suite 400, Dallas, Texas 75248.

12. The Plaintiffs intend to name all nongovernmental defendants who or that are known to possibly have or assert a lien against any properties to which Plaintiffs' liens attach. Plaintiffs expressly reserve the right to amend this Complaint to join any additional persons or other affected parties who and that are subsequently identified or become known.

## III. FACTUAL BACKGROUND

13. On September 4, 2019, the Debtors each filed with the United States Bankruptcy Court for the District of Colorado their respective voluntary petitions for relief under Chapter 11

of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*., as amended (the "**Bankruptcy Code**"), commencing their respective Chapter 11 cases.

14. The Debtors continue to operate each of their respective businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

15. Prepetition, the Debtors engaged in oil and gas exploration and production activities, including in relation to properties in Adams, Arapahoe, Broomfield, Elbert, and Weld Counties in the State of Colorado.

16. As recounted by the Debtors in their Expedited Motion of Defendants for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Setting a Final Hearing, and (V) Granting Related Relief (as with all filings referenced herein, they are in Case No. 19-17633 KHT, with this filing at Docket No. 27) (the "**Cash Collateral Motion**"), the Debtors borrowed approximately $25 million prepetition, including $20 million from PW and 5NR.[2]

17. On February 1, 2018, PetroShare entered into that certain Secured Term Credit Agreement (the "**Credit Agreement**") with PW and 5NR.[3]

18. Pursuant to the Credit Agreement, PW and 5NR agreed to make available to PetroShare $20 million. This plus $5 million of initial funding became part of an aggregate facility providing PetroShare with a $25 million credit facility (the "**Prepetition Secured Facility**"). (Docket No. 27 at ¶¶ 11 and 12).

19. In connection with the Prepetition Secured Facility, PetroShare made that certain Promissory Note dated February 1, 2018 in favor of 5NR in the original principal amount of $12,500,000 (the "**5NR Promissory Note**") and that certain Promissory Note dated February 1, 2018 in favor of PW in the original principal amount of $12,500,000 (the "**PW Promissory Note**";

---

[2] More specifically, Plaintiffs generally state the following background in paragraphs 17-21 of this Complaint, which allegations are derived from the Cash Collateral Motion. Nothing herein, however, is intended to be Plaintiffs' admissions to the truth or accuracy of any such statements, and Plaintiffs expressly reserve all rights, claims, and defenses in that regard. For the avoidance of doubt, Plaintiffs entirely rely on the Debtors' Cash Collateral Motion for this background.

[3] The Cash Collateral Motion appears to include a typographical error regarding PW's legal status. Specifically, paragraph 12 of the Cash Collateral Motion states "PetroShare entered into that certain Secured Term Credit Agreement (as subsequently amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement") with ***Providence Wattenberg Ltd. ("PWL"), a Texas limited partnership*** and affiliate of PEO, as lender and the administrative agent (the "Administrative Agent"), and 5NR Wattenberg, LLC ("5NR"), a Texas limited liability company, as lender . . ." (Docket No. 27 at ¶ 12) (emphasis added). Upon investigation of the Texas Secretary of State's records, there is no limited partnership known as "Providence Wattenberg Ltd." Instead, the appropriate, and only, limited partnership is "Providence Wattenberg LP." Furthermore, counsel for PW and 5NR have not entered their appearance on behalf of an entity named "Providence Wattenberg Ltd." (Docket Nos. 33 and 36). If Plaintiffs discover that a "Providence Wattenberg Ltd." does in fact exist, Plaintiffs reserve the right to join such entity to this adversary proceeding as of the date of the filing of this Complaint.

the 5NR Promissory Note and the PW Promissory Note are, collectively, the "**Promissory Notes**"). (*Id.* at ¶ 13).

20.     The Promissory Notes are allegedly secured by: (i) that certain Deed of Trust, Mortgage, Assignment of Production, Security Agreement and Financing Statement from PetroShare to the Public Trustee of Adams County, Colorado, Prepetition Secured Lenders for the Benefit of PW, as Administrative Agent (the "**Adams Deed of Trust**"); (ii) that certain Deed of Trust, Mortgage, Assignment of Production, Security Agreement and Financing Statement from PetroShare to the Public Trustee of Arapahoe County, Colorado, Prepetition Secured Lenders for the Benefit of PW, as Administrative Agent (the "**Arapahoe Deed of Trust**"); (iii) that certain Deed of Trust, Mortgage, Assignment of Production, Security Agreement and Financing Statement from PetroShare to the Public Trustee of Broomfield County, Colorado, Prepetition Secured Lenders for the Benefit of PW, as Administrative Agent (the "**Broomfield Deed of Trust**"); (iv) that certain Deed of Trust, Mortgage, Assignment of Production, Security Agreement and Financing Statement from PetroShare to the Public Trustee of Elbert County, Colorado, Prepetition Secured Lenders for the Benefit of PW, as Administrative Agent (the "**Elbert Deed of Trust**"); and (v) that certain Deed of Trust, Mortgage, Assignment of Production, Security Agreement and Financing Statement from PetroShare to the Public Trustee of Weld County, Colorado, Prepetition Secured Lenders for the Benefit of PW, as Administrative Agent (the "**Weld Deed of Trust**", together with the Adams Deed of Trust, the Arapahoe Deed of Trust, the Broomfield Deed of Trust, the Elbert Deed of Trust, and the Weld Deed of Trust, the "**Deeds of Trust**"). Pursuant to the Deeds of Trust, PetroShare granted the applicable Public Trustee all of its right, title, and interest in substantially all of PetroShare's real and personal property for the benefit of PW and 5NR. (*Id.* at ¶ 14).

21.     According to the Debtors, there are outstanding amounts due under the Credit Agreement. (*Id.* at ¶ 19).

22.     The Debtors contend that the obligations owed to PW and 5NR under the Credit Agreement are purportedly secured by perfected, first priority liens and security interests. (*See*, *e.g.*, Docket Nos. 73, 150, 217, and 328).

23.     As part of the bankruptcy process, the Debtors sought permission from PW and 5NR to use their purported cash collateral. Under the interim order approving use of cash collateral, Plaintiffs and other parties in interest have 90 days from the date of the appointment of a creditors' committee, *i.e.*, until December 10, 2019, to challenge PW and 5NR's purported liens and priority, *vis-à-vis* the Plaintiffs' Well Liens (defined herein), or else be forever barred from doing so.

### A.     Tasman

24.     Tasman is a well site soil and groundwater remediation contractor that performed labor and/or furnished material or services to the Debtors pursuant to certain a certain master services agreement for which Tasman has not been paid on oil and gas properties located in Adams, Elbert, and Weld Counties in the State of Colorado.

25. Tasman's labor and/or material or services were used or employed, or furnished to be used or employed, in connection with the Debtors' state law remediation obligations from the Debtors' drilling or operating of oil or gas wells, or in the construction, putting together, or repairing material so used or employed, or furnished to be used or employed.

26. To secure the indebtedness owed to Tasman, Tasman properly recorded the following lien statements pursuant to C.R.S. §§ 38-24-101 *et seq*. (collectively, the "**Tasman Well Liens**"):

    a. Statement of Lien Claim, recorded on October 31, 2019, at 590010 B: 798 P: 713 Lien, with the Clerk and Recorder of Elbert County, Colorado, covering the assets identified therein located in Elbert County, Colorado. A true and correct copy of the Elbert County Lien is attached hereto as <u>Exhibit A</u>.

    b. Statement of Lien Claim, recorded on October 29, 2019, at 4536276, with the Clerk and Recorder of Weld County, Colorado, covering the assets identified therein located in Weld County, Colorado. A true and correct copy of the Weld County Lien is attached hereto as <u>Exhibit B</u>.

    c. Statement of Lien Claim, recorded on October 30, 2019, at Reception No. 2019000093303, with the Clerk and Recorder of Adams County, Colorado, covering the assets identified therein located in Adams County, Colorado. A true and correct copy of the Adams County Lien #1 is attached hereto as <u>Exhibit C</u>.

    d. Statement of Lien Claim, recorded on October 30, 2019, at Reception No. 2019000093361, with the Clerk and Recorder of Adams County, Colorado, covering the assets identified therein located in Adams County, Colorado. A true and correct copy of the Adams County Lien #2 is attached hereto as <u>Exhibit D</u>.

27. Tasman's recording of the Tasman Well Liens perfected its lien rights against the Debtors' assets under Colorado law.

28. Debtors have been provided oil and gas services by Tasman on oil and gas wells and properties described in <u>Exhibits A-D</u> since as early as February 2019.

### B.    <u>M&M</u>

29. M&M is an excavation and dirt work services and material company that performed labor and/or furnished material or services for PetroShare for which M&M has not been paid on an oil and gas property located in Adams County in the State of Colorado.

30. To secure the indebtedness owed to M&M, M&M properly recorded the following lien statement pursuant to C.R.S. §§ 38-24-101 *et seq*. (the "**M&M Well Lien**"): Colorado Well and Equipment Lien Statement, recorded on November 12, 2019, at Reception No. 2019000097766, with the Clerk and Recorder of Adams County, Colorado, covering the assets identified therein located in Adams County, Colorado. A true and correct copy of the M&M Well Lien is attached hereto as Exhibit E.

31. M&M's recording of the M&M Well Lien perfected its lien rights against PetroShare's assets under Colorado law.

32. PetroShare has been provided oil and gas services by M&M on oil and gas wells and properties described in Exhibit E since as early as July 2019.

### C. Cartel

33. Cartel is an oil well driller and servicer that performed labor and/or furnished material or services for PetroShare for which Cartel has not been paid on an oil and gas property located in Adams County in the State of Colorado.

34. To secure the indebtedness owed to Cartel, Cartel properly recorded the following lien statement pursuant to C.R.S. §§ 38-24-101 *et seq*. (the "**Cartel Well Lien**"; the Tasman Well Liens, the M&M Well Lien, and the Cartel Well Lien are, collectively, the "**Plaintiffs' Well Liens**"): Colorado Well and Equipment Lien Statement, recorded on November 12, 2019, at Reception No. 2019000097923, with the Clerk and Recorder of Adams County, Colorado, covering the assets identified therein located in Adams County, Colorado. A true and correct copy of the Cartel Well Lien is attached hereto as Exhibit F.

35. Cartel's recording of the Cartel Well Lien perfected its lien rights against PetroShare's assets under Colorado law.

36. PetroShare has been provided oil and gas services by Cartel on oil and gas wells and properties described in Exhibit F between July 18, 2019 and July 27, 2019 (Docket No. 180, and associated exhibits).

### IV. CAUSES OF ACTION

### COUNT 1

*Declaratory Judgment to Determine Extent, Validity, or Priority of Plaintiffs' Liens*
[28 U.S.C. § 2201(a), Fed. R. Civ. P. 57, and Fed. R. Bankr. P. 7001(2)]

37. Plaintiffs incorporate their allegations above as though fully set forth.

38. Section 2201 of title 28 of the United States Code provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

39. Plaintiffs seek a declaration of the priority, validity, and extent of the Plaintiffs' Well Liens relative to the purported liens claimed by PW and 5NR.

40. C.R.S. § 38-24-104 provides that "[a]n open running account shall constitute a single contract, and in such case the lien shall relate back to the first item of material furnished or labor performed, as the case may be, and the six-month filing period shall begin to run for the whole account from the date of the last item."

41. The Plaintiffs' Well Liens are valid liens and comply in all respects (including creation, validation, and perfection) with C.R.S. §§ 38-24-101 *et seq*.

42. Plaintiffs, or other parties, commenced work on the subject oil and gas properties, identified on Exhibits A-F prior to the time that any purported liens of PW or 5NR were perfected.

43. Accordingly, the Plaintiffs' Well Liens are prior in right and time to any purported lien claims asserted by PW or 5NR.

44. Plaintiffs seek a declaratory judgment regarding the nature, extent, validity and priority of the Plaintiffs' Well Liens *vis-à-vis* all other alleged lienholders including PW and 5NR.

## COUNT 2
*Declaratory Judgment to Determine Extent, Validity, or Priority of Plaintiffs' Liens*
[C.R.S. §§ 13-51-101 *et seq*., and Fed. R. Bankr.P. 7001(2)]

45. Plaintiffs incorporate their allegations above as though fully set forth.

46. C.R.S. §§ 13-51-101 *et seq*. enables the Court to enter declaratory judgments to determine the rights, status, and other legal relations within its respective jurisdiction.

47. The nature, extent and priority of the Plaintiffs' Well Liens are governed by Colorado law.

48. Plaintiffs or other parties commenced work on the subject oil and gas properties, identified on Exhibits A-F prior to the time that any purported liens of PW and 5NR were perfected.

49. Accordingly, the Plaintiffs' Well Liens are prior in right and time to any purported lien claims asserted by PW or 5NR.

50. Plaintiffs seek a declaration of priority of the Plaintiffs' Well Liens relative to the purported liens of PW or 5NR.

51. In particular, Plaintiffs seek a declaration the Plaintiffs' Well Liens are prior in right and time to any purported liens claimed by PW or 5NR.

## V. REQUESTED RELIEF

Wherefore, Plaintiffs pray for a final judgment of this Court awarding the following relief:

a. a declaratory judgment pursuant to 28 U.S.C. § 2201(a) and C.R.S. §§ 13-51-101 *et seq.* regarding the validity, priority, and extent of the Plaintiffs' Well Liens, including a declaration that the Plaintiffs' Well Liens are senior in priority to any liens claimed by PW or 5NR; and

b. such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

**Dated:** December 10, 2019.
Denver, Colorado

**MOYE WHITE LLP**

s/ *Timothy M. Swanson*
Timothy M. Swanson, #47267
1400 16th Street, 6th Floor
Denver, CO 80202
Tel: (303) 292-2900
Fax: (303) 292-4510
E-mail: Tim.Swanson@moyewhite.com

*Counsel for Tasman Geosciences, LLC*

**LAW OFFICES OF KEVIN S. NEIMAN, PC**

s/ *Kevin S. Neiman*
Kevin S. Neiman, #36560
18th Street, Suite 1230 S
Denver, CO 80202
Tel: (303) 996-8637
Fax: (877) 611-6839
E-mail: kevin@ksnpc.com

*Counsel for M&M Excavation Co.*

**COHEN & COHEN, P.C.**

s/ *Alexander M. Musz*
Alexander M. Musz, #37912
1720 S. Bellaire Street, Suite 205
Denver, CO 80222
Tel: (303) 933-4529
Fax: (866) 230-8268
E-mail: amusz@cohenlawyers.com

*Counsel for Cartel Drilling, LLC*